E. A. Woeckner *v.* Erie Electric Motor Company, Appellant.

*Negligence—Parent and child—Measure of parent's damages for injury to child.*

In an action by a parent to recover loss occasioned by the injury of his child the measure of damages is the pecuniary loss to him.   The elements to be considered in assessing the damages are the expenses which he has incurred or is likely to incur in the support of the child on account of the injury, and the loss which will probably result to him from the decrease in the earnings of the child, to which he is entitled; but the increased inconvenience and trouble thereby caused to other members of the family cannot be considered.

*Negligence—Parent and child—Duty of parent to guard child.*

To permit a child who is not of an age to understand and avoid danger to wander on the streets of a city unattended is such negligence on the part of parents as will defeat a recovery by them.

In an action by a parent to recover damages for personal injuries to a child of tender age, it appeared that the child, in charge of an elder sister old enough to be a reasonably competent care-taker, had been allowed to cross a street, and after returning to the door of her father's house, the child disobeyed the direction of her sister to follow her and, unobserved, ran into the street.   Her escape was known in a moment, and an elder brother was sent after her.   She was injured before he could reach her. *Held,* (1) that the question whether the parents had exercised proper care at the time of the accident was for the jury; (2) that, in the absence of evidence that the child on this occasion was doing what she had been habitually permitted to do, it was not error to exclude testimony to show that the child had been allowed on other occasions to play on the streets unattended.

Argued April 27, 1897. Appeal, No. 104, Jan. T., 1897, by defendants, from judgment of C. P. Erie Co., Sept. T., 1894, No. 148, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MCCOLLUM MITCHELL and FELL, JJ. Reversed.

Trespass by parent to recover damages for personal injuries to a child of tender age. Before GUNNISON, P. J.

At the trial it appeared that on July 25, 1890, Lizzie A. Woeckner, a child two years and ten months old, was run over by a car of the defendant company, and so injured that both of her legs had to be amputated.

Elizabeth Woeckner, a witness for plaintiff, was asked this question in her examination in chief: " From your experience in caring for Lizzie during the last six years, and ever since the accident, what in your opinion has it been and will it be worth a week, extra, to care for her on account of her crippled condition as resulting from this accident, from the time she left the hospital until she arrives at the age of twenty-one years? "

Objected to as incompetent and irrelevant.

The Court: Objection overruled and exception sealed for the defendant.

" A. A dollar a day." [1]

E. A. Woeckner, plaintiff, was asked this question in chief: " Tell the jury how much in your opinion it is worth extra to take care of this little girl on account of her crippled condition resulting from this accident, from the time she returned to your home from the hospital until she will arrive at the age of twenty-one years ? "

Objected to; that it is not proper; that it is incompetent and irrelevant except they first show that if anything he has paid out in consequence of care which he has bestowed upon Lizzie since the occurrence of the accident; that it does not appear from the evidence that she will not be capable of taking care of herself so soon as she is old enough to know how to do work; that it does not appear from the testimony of the witness that he has any knowledge of the ability of the girl to earn wages, by sewing after she has become old enough to have learned how to sew, or do other manual work; that the question assumes that the child will be helpless and unable to take care of herself or support herself until she arrives at the age of twenty-one years;

that the witness is asked to express an opinion about the cost of the trouble of taking care of this child, in general, and not the cost of the trouble to himself, alone, he being the plaintiff in this case.

The Court: Objection overruled and bill sealed for defendant. If they see fit to do the work themselves they have the right to take that into consideration.

" A. Five dollars a week." [2]

Bessie Lona, a witness for plaintiff, was asked this question in chief : " Assuming that Lizzie Woeckner was a healthy child and all right prior to the time of the accident, from your knowledge of the care and attention that she requires over and above what she would require if she was in a normal condition, what would you say would be a fair compensation for such extra care, from the time she returned from the hospital some six weeks after the accident, up until the time when she will arrive at the age of twenty-one years by reason of such crippled condition?"

Objected to the same as to the other witness.

The Court: Objection overruled and exception sealed for the defendant.

" A. One dollar a day." [4]

Defendant's points and answers thereto among others were as follows :

12. If the jury find from the evidence that any increased inconvenience or trouble has been, or is likely to be, caused to the wife of the plaintiff and his children, the plaintiff is not entitled to recover a verdict at your hands for any such speculative damages. *Answer :* Refused. [19]

17. If the jury find from the evidence that the plaintiff sent his little boy, who was only eight years and two months of age, after Lizzie Woeckner, who was less than three years of age, and through the neglect of this little boy she was allowed to run and play on State street, where motor cars were constantly passing every two minutes, then and in that case E. A. Woeckner, the plaintiff, was guilty of contributory negligence, and your verdict must be in favor of the defendant. *Answer :* Refused. It is for the jury to say whether the plaintiff was guilty of negligence in sending the little boy after the child, and whether that negligence contributed in any degree to the accident. [20]

Verdict for plaintiff for $4,000. Plaintiff having remitted all in excess of $2,500, judgment was entered for that amount. Defendant appealed.

*Errors assigned* among others were (1, 2, 4) rulings on evidence, quoting bill of exceptions; (19, 20) above instructions, quoting them.

*J. M. Sherwin* and *S. A. Davenport*, for appellant.—The plaintiff should have offered evidence, if he had any, of actual expense incurred by him for care up to the time of the trial, and from that time on the damage sustained was for the jury to determine: Franklin Fire Ins. Co. v. Gruver, 100 Pa. 266; Lineoski v. Susquehanna Coal Co., 157 Pa. 173; Graham v. Penna. R. Co., 139 Pa. 159; 4 Am. Neg. Cases, 585; Hurt v. St. Louis, Iron Mountain & Southern Ry. Co., 94 Mo. 255.

It is a principle as old as humanity itself that parents owe to their children care, maintenance and protection; these they are by natural law required to give. Mrs. E. A. Woeckner was as much under the obligation as any other mother, and it was error for the court to permit the jury to find that the inconvenience or trouble which she had or was likely to experience by reason of this accident could be chargeable to the defendant at the suit of the father. The question in this case was as to the damage to the plaintiff, not to his family: Chitty's Blackstone, 368; 2 Kent's Commentaries, 190; Goodhart v. R. R. Co., 177 Pa. 10; Peoria, etc., Ry. v. Johns, 43 Ill. App. 83.

*T. A. Lamb*, with him *Brainerd & Higgins*, for appellee.— Plaintiff was not guilty of contributory negligence: Baker v. Irish, 172 Pa. 528; Dunseath v. Pittsburg, etc., Traction Co., 161 Pa. 124; Phila. & Reading R. R. v. Long, 75 Pa. 257; Pittsburg, etc., Ry. v. Pearson, 72 Pa. 169; Penna. R. Co. v. James, 81* Pa. 194; Beach on Contributory Negligence, sec. 135; Kay v. Penna. R. Co. 65 Pa. 269; Lederman v. Penna. R. Co. 165 Pa. 118; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504; Weil v. D. D., E. B. & B. R. R. Co., 119 N. Y. 147; Bliss v. South Hadley, 145 Mass. 91.

The instruction as to damages was proper: Platz v. McKean Twp., 178 Pa. 601.

OPINION BY MR. JUSTICE FELL, July 15, 1897 :

The objection that in estimating the damages the jury was not confined to the pecuniary loss sustained by the plaintiff is well founded.   In an action by a parent to recover for loss occasioned by the injury of his child the measure of damages is the pecuniary loss to him.   His action is for the injury done him, not for the injury done his child or for the loss or inconvenience to other members of his family whose cares and burdens have been increased.   It is based upon his duty to maintain, protect and educate his child, and on his right to the earnings of the child during minority.   The elements to be considered in assessing the damages are the expenses which he has incurred or is likely to incur in the support of the child on account of the injury, and the loss which will probably result to him from the decrease in the earnings of the child to which he is entitled. These principles were fully recognized by the learned judge in his charge, but by the answers to points and the admission of testimony the jury was allowed to consider as elements of damage the increased inconvenience and trouble caused other members of the family.   The duties performed by them in the care of the injured child cost the plaintiff nothing and caused him no pecuniary loss, and they cannot be made the ground of a recovery by him.   It was said in the opinion in Goodhart v. Penna. R. Co., 177 Pa. 10 : " The expenses for which a plaintiff may recover must be such as have actually been paid or such as in the judgment of the jury are reasonably necessary to be incurred.   The plaintiff cannot recover for the nursing and attendance of the members of his own household, unless they are hired servants.   The care of his wife and minor children in ministering to his needs involves the performance of the ordinary offices of affection, which is their duty, but it involves no legal liability on his part and, therefore, affords no basis for a claim against a defendant for expenses incurred." If the increased attention required by the child had deprived the plaintiff of the services of other members of his family in his business, and thus caused him direct pecuniary loss, his claim for compensation would rest on substantially the same ground as if he had been required to employ additional help ; but for the mere inconvenience to others not affecting him pecuniarily there can be no recovery.

To permit a child who is not of an age to understand and avoid danger to wander on the streets of a city unattended is such negligence on the part of parents as will defeat a recovery by them.    Permission was given to prove that the child on the occasion when she was injured had been permitted to go on the street without a proper caretaker.    The offers of testimony rejected were to show that on other occasions she had been allowed to play on the streets unattended.    This testimony would have been relevant had there been an issue whether on this occasion she was doing what she had habitually been permitted to do.    But no such issue was raised.    It was undisputed that she had escaped and attempted to cross the street, notwithstanding the exercise of some care and vigilance by her parents.    The circumstances were clearly shown, and there was no conflict in the testimony as to them.    In charge of an elder sister old enough to be a reasonably competent caretaker, she had been allowed to cross the street, and after returning to the door of her father's house she disobeyed the direction of her sister to follow her, and unobserved ran into the street.    Her escape was known within a moment or two, and an elder brother was sent after her.    She was injured before he could reach her.    As to this there was no dispute, and it was not error to exclude testimony to show that on other occasions she had not been protected from injury.    The question whether her parents had exercised proper care on this occasion was very fully and fairly submitted to the jury.    The judge could not have said as matter of law that their negligence prevented a recovery.

The first, second, fourth and nineteenth assignments of error are sustained, and the judgment is reversed with a venire facias de novo.