# E. A. Woeckner *v.* Erie Electric Motor Company, Appellant.

*Negligence—Parent and child—Duty of parent to guard child—Evidence.*

In an action by a parent against a street railway to recover damages for personal injuries to a child of tender age, it is not error to exclude testimony to show that the child had been allowed on other occasions to play on the streets unattended, where there is no evidence that the child at the time of the accident was doing what it had been habitually permitted to do.

*Evidence—Opinion of witness—Negligence—Street railways.*

Where the circumstances of the case are fully disclosed by the testimony, and no special knowledge or training is required to determine their bearing on the issue, there is no ground for permitting a witness to supplement his description of what occurred by his opinion.

In an accident case against a street railway company it is not error to reject the opinion of a witness that the motorman exercised good judgment in releasing the brake and allowing the car to go ahead, the circumstances being fully disclosed by the testimony.

*Practice, common pleas—Trial—Answers to points.*

Where all of a party's points are correctly answered, it is not error for the trial judge to fail to read to the jury the points negatived.

Argued April 26, 1898. Appeal, No. 18, Jan. T., 1898, by defendant, from judgment of C. P. Erie Co., Sept. T., 1894, No. 148, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass by parent to recover damages for personal injuries to a child of tender years. Before NOYES, P. J., of the 37th judicial district, specially presiding.

At the trial it appeared that on July 25, 1890, Lizzie A. Woeckner, a child two years and ten months old, was run over by a car of the defendant company, and so injured that both her legs had to be amputated.

The case was previously reported in 182 Pa. 182.

At the trial various offers of testimony were made to show that the plaintiff permitted the child on other occasions to play on the street unattended. All of these offers were rejected; the court ruling that defendants must first give some evidence tending to show that the child was on the street, by permission of the parents, at the time of the accident. [1–8]

When Frank Ingalsby, a witness for defendant, was on the stand, he was asked this question in chief:

" Q. Considering that the car was almost to a stand-still and that the child had turned and was running away from the car, did the motorman exercise good judgment in loosening the brake to allow the car to go ahead?"

Objected to.

Objection sustained and bill sealed for the defendant. [9]

Verdict and judgment for plaintiff for $1,356.35. Defendant appealed.

*Errors assigned* among others were (1–9) rulings on evidence, quoting the bill of exceptions; (11) the refusal of the court to read to the jury certain points negatived.

*J. M. Sherwin* and *S. A. Davenport*, for appellant, cited Woeckner v. Motor Co., 182 Pa. 182.

*Theodore A. Lamb*, with him *Brainard & Higgins*, for appellee, cited Baker v. Irish, 172 Pa. 528; Dunseath v. Pittsburg, etc., Traction Co., 161 Pa. 124; Long v. Phila., etc., R. R., 75 Pa. 257; Penna. Co. v. James, 81* Pa. 194; Beach on Contributory Negligence, 135; Lederman v. Penna. R. R., 165 Pa. 118; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504; Weil v. D. D., E. B. & B. R. R. Co., 119 N. Y. 147; Bliss v. Inhabitants of South Hadley, 145 Mass. 91.

OPINION BY MR. JUSTICE FELL, July 21, 1898:

At a former trial of this case offers of testimony to show that the plaintiff, prior to the occurrence of the accident, had per-

mitted his children to play on the street unattended were rejected. These rulings were sustained, as it appeared from uncontradicted testimony that the child was not on the street with the permission of her parents at the time she was injured, but that she had escaped from her home, notwithstanding the exercise of some degree of care by them. It was not claimed that the child when injured was doing what she had been permitted to do habitually, and proof of acts of negligence on the part of the parents which were disconnected with the accident and in no manner contributed to it was held to have been properly rejected. See 182 Pa. 182. The testimony at the second trial did not differ materially from that produced at the first, and it was not error to reject the offers covered by the first eight assignments.

The ninth assignment is to the rejection of the opinion of a witness that the motorman exercised good judgment in releasing the brake and allowing the car to go ahead. The circumstances were fully disclosed by the testimony, and no special knowledge or training was required to determine their bearing on the issue, and there was no ground for permitting the witness to supplement his description of what occurred by his opinion. The ruling was in entire accord with the rule on the subject as stated in Graham v. Pennsylvania Co., 139 Pa. 149, and since followed in McNerney v. City of Reading, 150 Pa. 611, Dooner v. Canal Co., 164 Pa. 17, Cookson v. Ry. Co., 179 Pa. 184, and Auberle v. City of McKeesport, 179 Pa. 321.

All of the defendant's written points for charge were answered by the court, and correctly answered. We see no ground for complaint that those answered in the negative were not read to the jury. The defendant had the advantage of a distinct and responsive answer to the points refused, without the disadvantage of having his propositions of law read to the jury and disaffirmed.

The judgment is affirmed.