## Dormer *v.* Alcatraz Paving Company.

*Negligence—Presumption of negligence—Evidence—Question for jury.*

When a presumption of negligence has once arisen, either as matter of law, or from affirmative evidence of acts of commission or omission, it remains until overcome by countervailing proof, and whether it is overcome is a question of fact for the jury.

*Negligence—Unsafe street—Degree of care—Contributory negligence.*

A person is not chargeable with contributory negligence in using a public street, if he does not know that it is in an unsafe condition. If he knows that it is torn up, he is required to use more than ordinary care, otherwise not.

In an action against a paving company to recover damages for personal

injuries sustained by falling into a hole which had been left unlighted and unguarded by defendant, a verdict and judgment for plaintiff will be sustained where the court leaves it to the jury to determine whether plaintiff knew of the existence of the hole, and if she did, whether she should not have taken a more safe, even if a longer, route.

*Negligence—Damages—Nursing expenses.*

In an action by a husband to recover damages for personal injuries to his wife, plaintiff is not entitled to recover the specific amount his daughter received as wages in a factory, simply because her mother desired or required her attendance as a nurse after the accident. If the jury mentioned the specific amount in the verdict, the appellate court can remedy the error by striking the amount from the verdict without the necessity of a reversal of the judgment, and a retrial of the case.

Argued Oct. 26, 1900. Appeal, No. 176, Oct. T., 1900, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1899, No. 228, on verdict for plaintiff in case of Frank P. Dormer and Mary Dormer v. The Alcatraz Paving Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ALBRIGHT, P. J.

At the trial it appeared that on October 21, 1899, plaintiff and her husband in going over a crossing at Market and Walnut streets in the borough of Shamokin stepped into an unguarded hole which had been left by the defendant company. The evidence for the plaintiff tended to show that the accident occurred between seven and eight o'clock in the evening, and that there was no light near the hole. There was evidence that the plaintiffs might have returned to their home by a safer, although a longer route.

The court charged in part as follows:

[The court has been asked to say that the very fact that this sidewalk, across the street—we call it a sidewalk, but while it was a place for foot passengers it was also part of the wagon road for people to go up and down Market street—we are asked to say that because there were no barriers put up, or lights kept burning for a warning as to this footway across the street, that the very omission to do that constitutes negligence on the part of the defendant company. We cannot say that to you

in that way; but we say to you that it is for you to consider whether the circumstances, as things then were, made it the duty of the company to fence off the crossing or to put up barriers or lights. Whether duty required that for the safety of others, whether that care which a prudent man, say a prudent individual who was the contractor doing that work, would have taken was omitted. If that is not shown, then you are not to say that the absence of barriers and lights on this footwalk was negligence. But if you find that ordinary prudence under the circumstances required that to be done, then you may say that the absence of the barriers and lights constituted negligence.] [3]

\*     \*     \*     \*     \*     \*     \*     \*

[But in this case one of the daughters nursed the mother, I think for seven weeks, was in a factory and was earning $3.00 a week, and it is said that she had to be taken out of the factory, and that that money which she would otherwise have earned was lost. If that is so, and the plaintiff is entitled to recover, that may be allowed for.] [4]

Plaintiff's points were as follows:

3. There being no evidence in the case that the plaintiffs knew of any excavation or hole in the said crossing, no negligence can be attributed to them for not taking some other route. *Answer:* Negatived; it is for the jury to say whether she ought to have taken another route. But if it does not appear from the evidence that she knew of the excavation or hole, then she was not required to take another route. If no such knowledge on her part appears, this point is affirmed; that is, then there was no contributory negligence as to this. [6]

7. That the true measure of damages for Frank P. Dormer, one of the plaintiffs, is the expenses incurred by him by reason of the injury to his wife, Mary Dormer, including doctor bills, the privation and inconvenience he is subjected to, the loss in earnings of his daughter while taking care of his wife, and the cost and expenses he is likely to be put to during the remainder of his wife's life in procuring a servant and boarding the same to do the work which his wife will be unable to do by reason of the injury. *Answer:* Negatived. He is entitled, if his wife is entitled to recover, (1) for expenses including doctor bills rendered necessary by the injury; (2) loss of earning power

of the wife, so far as she would have rendered services to her husband, and the privation and inconvenience resulting from her injured condition; (3) loss of wages because of taking his minor daughter out of the factory to wait on her mother in the past, as testified to. [7]

Defendant's points were as follows:

1. That under all the evidence in the case the verdict of the jury must be for the defendant. *Answer :* Negatived. It is left to .the jury to say whether the verdict shall be for the plaintiff or defendant. [8]

2. That under all the evidence in this case, as a matter of law, the plaintiff is guilty of contributory negligence, and the verdict must be in favor of the defendant. *Answer:* This is negatived. [9]

6. That the plaintiff was obliged to recognize this right and to avoid .all patent and evident dangers arising from the street being out of repair for the purpose of paving the same, and to use more than ordinary care in crossing the same when torn up for such purpose, and failure to do so would be contributory negligence. *Answer :* If she knew that the street at the point in question was torn up, she was obliged to use more than ordinary care, otherwise not. Thus qualified, the point is affirmed. [10]

7. That it was the duty of the plaintiff, having knowledge of the fact that the street was out of repair, or the crossing at Walnut street dangerous, to avoid the same by taking some other route, if such route existed, even if it was more distant and not so direct to reach her destination, and her failure to do so would be contributory negligence. *Answer :* If she had knowledge of the fact that the street and crossing were out of repair, she ought to have taken some other route. Thus qualified, the point is affirmed. [11]

9. That the plaintiffs have failed to prove such negligence on the part of the defendant as entitled them to recover in this case. *Answer:* That is negatived. It is for the jury to say whether such negligence is proved. [12]

The verdict was as follows :

And now, to wit: March 2, 1900, we, the jurors empaneled in the above entitled case, find for Frank P..Dormer, plaintiff, as follows : Twenty-one dollars for lost services of daughter at

factory.   Thirty dollars for doctor's service and $18.00 for inconveniences caused by wife's injury.

We also find for Mary Dormer, his wife, the sum of $400 for pain and misery endured on account of accident, and that she may further endure on account of same accident.

Judgment was entered on the verdict.   Defendant appealed.

*Errors assigned* among others were (3, 4, 6–12) above instructions, quoting them.

*J. W. Gillespie* and *W. H. M. Oram*, for appellant.—The plaintiff was guilty of contributory negligence: Mattimore v. Erie City, 144 Pa. 14; Monongahela City v. Fischer, 111 Pa. 9; Marland v. Pittsburg & Lake Erie R. R. Co., 123 Pa. 487; Penna. R. Co. v. Mooney, 126 Pa. 244; Groner v. Delaware & Hudson Canal Co., 153 Pa. 390; Burns v. Bradford City, 137 Pa. 361; Erie City v. Magill, 101 Pa. 616; Hentz v. Borough of Somerset, 2 Pa. Superior Ct. 225; Lynch v. Erie City, 151 Pa. 380; Wood v. Bridgeport Borough, 143 Pa. 167; Carson v. Federal St. & Pleasant Valley Ry. Co., 147 Pa. 219; Heil v. Glanding, 42 Pa. 498; Musick v. Borough of Latrobe, 184 Pa. 385; Bentley v. Cranmer, 137 Pa. 247; Chartiers Twp. v. Phillips, 122 Pa. 601; Haven v. Pittsburg & Allegheny Bridge Co., 151 Pa. 620; Forks Twp. v. King, 84 Pa. 230; Robb v. Connellsville Borough, 137 Pa. 42; Hill v. Tionesta Twp., 146 Pa. 11; Woelfel v. Federal Street & Pleasant Valley Ry. Co., 183 Pa. 216; Jones v. Penna. Canal Co., 178 Pa. 126; Baker v. Westmoreland, etc., Natural Gas Co., 157 Pa. 593; Erskine v. Phila., 16 Phila. 151; Brendlinger v. New Hanover Twp., 148 Pa. 93; Merriman v. Phillipsburg, 158 Pa. 78; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233.

*W. H. Unger* and *William W. Ryon*, for appellees.—The case was for the jury: Douglass v. Monongahela City Water Co., 172 Pa. 435; Mintzer v. Hogg, 192 Pa. 137; Bruch v. Philadelphia, 181 Pa. 588; Wood v. Bridgeport Borough, 143 Pa. 167.

OPINION BY ORLADY, J., February 14, 1901:

The request of defendant for binding instructions was rightly refused by the court.   The case was submitted in a charge

of unusual length, in which the defendant's negligence and the plaintiff's contributory negligence were presented in a fair and adequate manner, and the theory of each side was fully explained in the answers to the points as presented. The verdict of the jury is conclusive against the defendant's contention on the facts. The detached parts of the charge, of which the defendant complains, did not prejudice the defense in the minds of the jury, except that part covered by the fourth and seventh assignments of error.

The court said: "I have not commented upon the testimony of the one side or the other, or any given point, nor to what any particular witnesses, probably outside of the plaintiff, have testified to. That is all left to you; and the court have not commented upon the testimony or attempted to state it to you for fear that in the great mass of it, it might be said, when the court was through, that we had given more attention to or laid more stress upon the testimony on the one side than the other."

There was sufficient evidence to charge the defendant with negligence. "When a presumption of negligence has once arisen, either as matter of law, as in the cases of injury to a passenger in charge of a common carrier, or from affirmative evidence of acts of commission or omission, it remains until overcome by countervailing proof, and whether it is overcome is a question of fact for the jury: Spear v. Phila., Wilmington & Baltimore R. R. Co., 119 Pa. 61; McCafferty v. Penna. R. Co., 193 Pa. 339;" Kane v. Philadelphia, 196 Pa. 502; Burger v. Philadelphia, 196 Pa. 40.

Whether the plaintiffs knew of the defective condition of the street, and whether they should have taken a more safe, even if a longer, route, was fairly submitted under proper instructions to the jury. They would not be chargeable with contributory negligence in using a public street if they did not know that it was in an unsafe condition. If she knew it was torn up at this point she was required to use more than ordinary care, otherwise not: Altoona v. Lotz, 114 Pa. 238; Douglass v. Monongahela City Water Co., 172 Pa. 335; Smith v. New Castle, 178 Pa. 298; Mintzer v. Hogg, 192 Pa. 137.

The husband was not entitled to recover the specific amount his daughter received as wages in a factory simply because the mother desired or required her attendance as a nurse, but as

this error is clearly defined by the verdict, to wit: "Twenty-one dollars for lost services of daughter at factory," it can be remedied by this court without the necessity of a retrial of the case: Connellsville Borough v. Hogg, 156 Pa. 326; Isaac Joseph Iron Company v. Richardson, 2 Pa. Superior Ct. 208.

The amount of $21.00 erroneously allowed to Frank P. Dormer is now deducted, and the verdict in his favor is reduced to $48.00. With this modification the judgment is affirmed.