## Stambaugh v. Smith

*Robert E. Graham,* for plaintiffs.
*Daniel W. Long,* for defendants.

KELLER, *J.,* January 16, 1981—Plaintiffs, a son and his mother and father, filed a complaint in trespass on June 11, 1980 against defendants, husband and wife, as owners or tenants by the entireties of a

parcel of land (20.93 acres) located in Greene Township, Franklin County, Pa. Count 1 of the complaint demands compensation for injuries sustained by plaintiff-son, an adult, when he was thrown from his motorbike after driving into a ditch on defendants' land. Son was a trespasser on the land at the time of his fall on September 4, 1978. Plaintiffs also aver in count 1 that defendants, or their agents, "wilfully, wantonly, and maliciously dug a trench across one of the trails on the aforesaid realty" (complaint, paragraph 5) and failed to post warning signs thereon (complaint, paragraph 6). Plaintiffs in count 2 of the complaint, the father and mother of son, demand compensation for lost wages and travel expenses incurred by them during the period of son's hospitalization and costs of transporting son to his doctor's office from their home in York after his discharge from Chambersburg Hospital.

Defendants filed preliminary objections to the complaint in the nature of a demurrer, a motion to strike count 2, and a motion for a more specific complaint on July 1, 1980. Argument on the preliminary objections was heard by this court on November 6, 1980.

Defendants' demurrer to both counts in the complaint is well taken. Plaintiffs concede in their brief that plaintiff-son was a trespasser and that, by the general rule of law, defendants had no duty toward him. (Plaintiffs' Brief, p. 2). The Pennsylvania Superior Court in Maksimshuk v. Union Collieries Co., 128 Pa. Superior Ct. 86, 90, 193 Atl. 669 (1937), restates the general rule in Pennsylvania: "'To establish negligence, it must appear that some duty has been unperformed, and without the violation of the duty there can be no negligence. A duty may be

imposed either through the relation of the parties or by statute, and, where there is a duty or an obligation, some right exists in another."

As in Maksimshuk, the nature and extent of the duty owed to plaintiff depends upon the legal status of plaintiff-son on the property at the time of his injury. As a trespasser, defendants owed plaintiff-son no duty other than to refrain from inflicting upon him an intentional, wanton or wilful injury: Maksimshuk, supra, at 94, and cases cited therein. A limited duty to warn or protect trespassers does arise, however, under particular circumstances of the possessor's use of the land and knowledge of the presence of a trespasser. These circumstances are defined in the Restatement, 2d, Torts, §§ 334 through 339. The general rule as stated in section 334 confers immunity upon the possessor of land for conduct causing bodily harm to trespassers based upon the possessor's privilege to ignore the *probability* that others will trespass on his land, and that their safety will depend upon the condition of the land and the manner in which the possessor carries on his activities.

To state a cause of action against a possessor for injury sustained by a trespasser, plaintiff must aver facts sufficient to establish an exception to the general rule, facts sufficient to establish a duty owed to the trespasser and breached by the possessor. In the present case, plaintiff-son is an adult and Restatement, 2d, Torts, § 339, does not apply. No moving force is involved, and, therefore, section 338 is inapplicable. Sections 334 and 335 impose liability for injury to trespassers where the possessor has knowledge that trespassers "constantly intrude" upon a "limited area of the land," and the possessor fails to carry on a dangerous activity with reason-

able care for their safety, or possessor creates or maintains a dangerous condition on the land which he has reason to believe will not be discovered by trespassers and fails to warn trespassers of the condition and the risk involved. Section 336 imposes a duty of reasonable care in the conduct of dangerous activities after the possessor becomes aware of the presence of a particular trespasser.

Plaintiffs do not aver in the complaint that defendants were specifically aware that plaintiff-son was trespassing upon their land on September 4, 1978 at 10:00 a.m. No duty can arise, therefore, under the exception stated in section 336. Plaintiffs seem to base their cause of action upon defendants' knowledge of the general use by trespassers riding motorbikes on "various trails" which traverse their land, the creation of a trench by defendants or their agents across one of these trails, and the failure of defendants to post warning signs of the existence of this trench.

Plaintiffs, to state a cause of action against defendants, must aver facts showing that a duty arose because defendants could anticipate the presence of trespassers on the limited area, the specific trail, over which plaintiff-son was crossing the land. As stated in Comment (d) to Restatement, 2d, Torts, §334:

"In order that the possessor of land may be subject to liability under the rule stated in this Section, it is necessary that he know, or from facts within his knowledge should know, that persons constantly and persistently intrude upon some particular place within the land. It is not enough that he know or have reason to know that persons persistently roam at large over his land."

In Maksimshuk, supra, the court held that there was no liability for the death of a child who trespassed upon part of a coal "bony" yard because plaintiffs failed to show any persistent use by trespassers of that part of the field where the accident occurred. In Francis v. Baltimore & Ohio R.R. Co., 247 Pa. 425, 93 Atl. 490 (1915), a duty of care attached to the possessor by the public use of a path upon its track, although the extent of the duty and performance were jury questions. It is commonly acknowledged in Pennsylvania case law that the operation of railroad cars or trolley cars present a risk to the lives of trespassers.

In the present case, an averment of "frequent" use of "various trails" which traverse defendants' land is insufficient to establish a duty on the part of defendants to anticipate the presence of a trespasser on the specific trail, that is, the limited area, where the accident occurred. Further, plaintiffs have failed to aver facts which would establish that the existence of a trench, regardless of its method of creation, is a dangerous activity or condition upon the land. Assuming knowledge by defendants of the existence of the trench, the facts averred do not require the possessor to reasonably conclude that the trench presented a danger of serious harm to trespassers, and that a trespasser would not discover the trench by simple observation: Restatement, 2d, Torts, § 335. Paragraph 8 of the complaint merely avers that plaintiff-son was "unable to observe the ditch from a distance sufficient to allow him to stop his motorbike safely or to otherwise avoid driving into the same." It is not averred that the ditch could not be detected by a trespasser's reasonable observation, only that it was not apparent from a "stopping distance" while riding a

motorbike. Neither of the parties to this suit have cited the Restatement nor any Pennsylvania case law to establish that the duty of a possessor of land to protect or warn a trespasser increases in proportion to the risk of the activity engaged in by the trespasser while on the possessor's land. Because plaintiff-son elected to ride a motorbike while trespassing upon defendants' property, and the riding of this motorbike, according to paragraph 8 of the complaint, restricted plaintiff-son's ability to safely traverse areas of the property which would present an easily avoidable obstacle to a pedestrian trespasser, does not create a duty in defendants to compensate for the inherent dangers of riding a motorbike by placing warning signs a sufficient distance from the ditch to permit a trespasser to stop or control his motorbike, nor does it require defendants to maintain the entire property in a manner to insure that there are no obstacles to the safe passage of trespassers riding vehicles across defendants' land. The duty of a possessor to a trespasser arises where the possessor engages in a dangerous activity or maintains a dangerous condition not readily apparent to trespassers, and the possessor knows or can reasonably anticipate the presence of trespassers on a specific, limited area of his property. Plaintiffs have failed to aver facts sufficient to establish the elements of the existence of a duty and breach of that duty owed to plaintiff-son by defendants.

Defendants have filed a motion to strike count 2 of the complaint. Under Pa.R.C.P. 1017(b)(2) this motion is proper when the complaint lacks conformity to law or contains impertinent material. Where a party wishes to challenge the legality of the damages sought in the complaint or the inclusion of damages not properly recoverable in the action, a

preliminary objection in the nature of a motion to strike, rather than a demurrer, must be filed: Hudock v. Donegal Mut. Ins. Co., 438 Pa. 272, 264 A. 2d 668 (1970); Lippincott v. Houseberg, 19 D. & C. 2d 558 (1959); Moss v. Becker, 61 York 195 (1947); cases cited therein.

In the present case, the damages claimed in count 2 are clearly not recoverable by law. Therefore, the motion to strike will be granted.

The damages claimed in count 2 are loss of wages and travel expenses incurred by plaintiffs during plaintiff-son's stay in the hospital, and costs of transporting their son to and from his doctor's office after discharge from the hospital. Plaintiffs have not averred any facts which would give plaintiff-parents standing to sue for such damages.

Pennsylvania law allows recovery in personal injury suits for expenses which have actually been paid or which are reasonably necessary: 11 P.L.E., Damages § 54; Baker v. Hagey, 177 Pa. 128, 35 Atl. 705 (1896). In the case of injury to a minor child, Pennsylvania courts have allowed parents to recover money necessarily expended in treatment of the child's injuries and for lost earnings of the child during his minority: Meisel v. Little, 407 Pa. 546, 180 A. 2d 772 (1962). Pecuniary losses to parents of minor children which are recoverable at law are based upon the parents' duty to maintain, protect and educate the child and their right to the earnings of the child during its minority: Woeckner v. Erie Electric Motor Company, 182 Pa. 182, 37 Atl. 936 (1897). As stated by the Pennsylvania Supreme Court in Goodhart v. Penna. R. Co., 177 Pa. 1, 14, 35 Atl. 191 (1896): "The expenses for which a plaintiff may recover must be such as have actually been

paid, or such as in the judgment of the jury are reasonably necessary to be incurred. The plaintiff cannot recover for the nursing and attendance of the members of his own household, unless they are hired servants."

The costs addressed in Goodhart are the value of nursing care given by plaintiff's wife and minor children, which is not recoverable. There can be no recovery for inconvenience to family members which creates no pecuniary loss to plaintiff: Woeckner, supra. In the present case, plaintiff-son is not a minor child, and, therefore, his parents no longer have any legal duty toward him which requires the parents to incur expenses due to his injury. Were any such recovery permitted, the measure of damages would not be loss of wages; it would be the costs actually expended. Plaintiffs cite McCrorie v. Detweiler, 69 Montg. 384, 386, 67 York 160, 161 (1953), as authority for the recovery of lost wages during the time parents attended to an injured son. This case is not precedent for the instant action. The lower court in McCrorie addressed the rights of the parents of a minor child, who required intensive home nursing care, to recover loss of wages by parents who assumed the duty of this care in lieu of hiring nurses. The court saw this loss as one occasioned by defendant's negligence and could "find no good reason why the wrongdoer should not pay this pecuniary loss suffered by the parents." No case precedent was cited by the Montgomery County Court of Common Pleas, and this court cannot accept this measure of recoverable damages as precedent in the present case.

This position is shared by the Mercer County Court in Formicella v. Wagner, 51 D. & C. 2d 49

(1970), which denied recovery of lost wages to a wife while nursing her injured husband at home. The court states at 123:

"If recovery could be permitted under any recognized theory, wages lost would not necessarily be a proper measure of damages. Much more likely it would be the reasonable value of such services. Walker v. City of Philadelphia, 195 Pa. 168, 45 Atl. 657 (1900). Certainly, if this wife can recover damages for nursing her husband, the converse is true. Logically, a parent should then recover for caring for an injured child. However, we find such recovery denied. An injured husband cannot recover for nursing services rendered by his wife, a parent may not recover increased inconvenience to other members of the family, and a plaintiff cannot recover damages for nursing his family."

The court in Formicella cites Woeckner, supra, Goodhart, supra, and Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407 (1901), as authority for its decision. The Pennsylvania Superior Court in Dormer would not allow a husband suing for injuries received by his wife to recover the amount his daughter would have received in another capacity as a factory worker where her mother desired her as a nurse. Just as services rendered by a child to parent are presumably gratuitous even after the child is emancipated, Dettenmaier's Estate, 13 Pa. Superior Ct. 170 (1900), and no payment therefore can be demanded unless a contract to pay is proven by clear, distinct, and positive evidence. In re Reed Estate, 152 Pa. Superior Ct. 389, 33 A. 2d 251 (1943), the values of services rendered by a parent to an adult child cannot be recovered without evidence of a contract for such services.

Were such a contract averred in the complaint,

the claim for recovery would be between the parties to the contract, or by the injured party against the tortfeasor for the liability incurred as a result of the injury. In no event could the one rendering the service to an adult sue the tortfeasor in their own right for recovery on the contract.

Plaintiff-parents, therefore, have failed to aver facts establishing their standing to sue defendants, and have no basis in law for recovery of the damages claimed in count 2 of the complaint. Count 2 must, therefore, be stricken.

We will also grant defendants' motion for a more specific complaint. Defendants' knowledge of the condition of the land is a material fact upon which the cause of action is based, and it is, therefore, plaintiffs' burden to aver this fact with sufficient particularity to permit defendants to prepare a defense. Defendants are under no absolute duty of inspection of the property, Restatement, 2d, Torts, § 334, Comment (c), and the Pennsylvania rules of discovery permit plaintiffs to ascertain facts material to their determination of the liability of defendants to plaintiffs. This burden cannot be shifted to defendants by a general averment of knowledge.

## ORDER

Now, January 16, 1981, defendants' preliminary objections in the nature of a demurrer, a motion to strike, and a motion for a more specific pleading are sustained.

Plaintiffs are granted leave to file an amended complaint within 20 days of date hereof.

Exceptions are granted plaintiffs.