## Ruddy v. Commonwealth

*Joseph A. Quinn Jr., Thomas B. Helbig, Joseph J. O'Brien Jr., and Frank J. McDonnell,* for plaintiffs.

*Raymond E. Ginn Jr. and John D. Lewis,* for the commonwealth, Pennsylvania State System of Higher Education, and Mansfield University.

*Cody H. Brooks and James D. Jordan,* for Hamilton Trucking Co. Inc., Robert M. Jones and Raymond Brague, and Donald C. Jackson.

*John Lewis,* for Frank Butsko.

*Mark Garber, deputy attorney general,* for PennDOT.

O'MALLEY, *J.,* February 24, 1988 — This matter is before us by reason of a motor vehicle accident that occurred on U.S. Route 6 in Sullivan Township, Tioga County, Pennsylvania at approximately 10:05 a.m. on January 29, 1986, at a time of adverse weather conditions. At that time and place, plaintiff, Robert Ruddy, and his twin brother, William Ruddy, residing at 1518 Clay Avenue, Dunmore, Pa., were passengers in a car operated by one Frank Andrew Butsko and leased to Mansfield University. It is alleged the Ruddy twins were being driven to Mansfield that day by Mr. Butsko, an agent of the Commonwealth of Pennsylvania, the Pennsylvania State System of Higher Education and Mansfield on a recruiting trip in a continuing effort to have the twin brothers play football for Mansfield. The accident took place as the result of a collision between

the car which Butsko was operating, and in which the Ruddy boys were riding, and a truck operated by Donald C. Jackson. It is averred that at this point in time, Jackson was operating the truck as an agent, servant and employee of Robert M. Jones and Raymond Brague t/a Jones and Brague Mining Company and/or Hamilton Trucking Company and acting within the scope of his employment with same. As the result of the accident, William Ruddy was killed and Robert Ruddy suffered personal injury.

Mansfield University is a state-owned and operated school located in Mansfield, Tioga County, Pa. Hamilton Trucking Company Inc. and Robert M. Jones and Raymond Brague, t/a Jones and Brague Mining Company, are located in Blossburg, Tioga County, Pa. Donald C. Jackson resides in Morris, Tioga County, Pa.

On January 20, 1987, Robert Ruddy, individually, and Rose Ruddy, individually and as parent administratrix of the estate of William Ruddy, deceased, filed a civil action in Lackawanna County against the Commonwealth of Pennsylvania, Pennsylvania State System of Higher Education, Mansfield University, Hamilton Trucking Company Inc., Robert M. Jones and Raymond Brague t/a Jones and Brague Mining Company and Donald C. Jackson. In this action, plaintiff Robert Ruddy seeks damages for his injuries including emotional distress resulting from the death of his brother. Plaintiff Rose Ruddy, in her individual capacity, seeks damages representing wage loss she suffered as a result of being required to stay home to take care of her son, Robert Ruddy, and Rose Ruddy as administratrix of the estate of William Ruddy, deceased, seeks damages under the Pennsylvania Survival Statute and the Pennsylvania Wrongful Death Statute.

Defendants Hamilton Trucking Company, Robert M. Jones and Raymond Brague t/a Jones and Brague Mining Company, and Donald C. Jackson filed preliminary objections which raise the issues of venue and forum non conveniens. Defendants Commonwealth of Pennsylvania, Pennsylvania State System of Higher Education and Mansfield University also filed preliminary objections which raise the issue of venue, plaintiff Robert Ruddy's request for damages for emotional distress, Rose Ruddy's claim for wage loss and a request for a more specific pleading with respect to certain of the allegations made regarding the negligence of Frank A. Butsko.

### Venue

Original defendant, Hamilton Trucking Co. Inc., Robert M. Jones and Raymond Brague t/a Brague Mining Company, Donald C. Jackson, Commonwealth of Pennsylvania, Pennsylvania State System of Higher Education and Mansfield University, all object to this matter being tried in Lackawanna County.

42 Pa. C.S. 8523(a), Venue, provides that:

"Actions for claims against a commonwealth party may be brought in and only in a county in which the principal or local office of the commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose."

Plaintiffs agree that whenever a commonwealth party is named as a defendant, venue is controlled by this statute. It is their argument that venue properly lies in Lackawanna County because a transaction or occurrence out of which plaintiff's cause of action arose took place in this county. We believe this position is correct and thus defendants' motions concerning venue will be denied.

The phrase "[w]here a transaction or occurrence took place out of which the cause of action arose" is not peculiar to 42 Pa. C.S. 8523(a) but appears in other statutes also. We see it employed in Pa. R.C.P. 1006, 1807, 2130, 2156 and 2179. This employment now equates the "cause of action county" concept and the "transaction or occurrence county" concept in various actions. 1 Goodrich Amram 2d §1006(a)1: The purpose of this provision is to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses and to assure that the county selected has a substantial relationship to the controversy between the parties and thereby a proper forum to adjudicate the dispute. 7 Goodrich Amram 2d §2179(a):4; *County Construction Co. v. Livengood Construction Corp.* 393 Pa. 39, 142 A. 2d 9 (1958). Trespass actions against the commonwealth may be brought in the county where a transaction or occurrence took place out of which the cause of action arose. *Commonwealth, Department of Transportation v. Chatzidakis*, 89 Pa. Commw. 106, 492 A. 2d 1170 (1985).

It appears to us, from the complaint, that the Ruddy brothers were the specific objects of Mansfield efforts to induce them to come to that school and play football there. This attempt by Mansfield had been going on for a protracted period of time and had culminated the morning of January 29, 1986 in Mr. Butsko picking the boys up at their home in Dunmore for the purpose of transporting them to Mansfield on a recruiting trip in order to gain their assent to play football. These efforts by Mansfield were the reason for the trip and, were it not for the trip, the fatal accident would not have occurred when and at the site it did. The overall endeavors by Mansfield, i.e., the contacts at the boys'

458

home and the trip, all constituted an occurrence which took place in Lackawanna County out of which the cause of action arose. Considering these efforts that went on before the accident and the fact that the majority of plaintiff's witnesses will be from this county, it is apparent that Lackawanna County has a substantial relationship to this controversy.

## Forum Non Conveniens

The motion by defendants Hamilton Trucking Company, Robert M. Jones and Raymond Brague, t/a Jones and Brague Mining Company, and Donald C. Jackson will be denied.

Pa. R.C.P. 1006(a)(1) provides, "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

The proper method of deciding the issues of inconvenient forum is by petition and answer. *Cullin v. Nichols*, 72 Delaware Rep. 473 (1985). However, our determination of this matter is not based on the procedure employed by above defendants. Rather our decision is on the substance of the matter.

The choice of the forum by plaintiffs (here Lackawanna County) is entitled to great weight and should not be disturbed lightly. *Schutte v. Armco Steel Corp. et. al.*, 431 F.2d 22 (3d. Cir. 1970); *Ernest v. Fox Pool Corp.*, 341 Pa. Super. 71, 491 A. 2d 154 (1985). In the instant case, plaintiffs are residents of Lackawanna County. It appears the majority of witnesses are in Lackawanna County. Robert Ruddy spent a protracted period of time hospitalized in Mercy Hospital located in Scranton, Lackawanna County and much of his medical treatment has been supplied by providers from Lackawanna County. To prevail, the party requesting change of

venue must show that it is more convenient to his opponent to transfer the case; it is not sufficient if he argues that it will be more convenient for himself. Unless this is shown plaintiff's choice of venue should not be disturbed. *Bowerman v. Tomhave*, 8 D. & C. 3d 556 (1978). Defendants not having shown that such is the situation herein, their motion will be denied.

## Motion for Demurrer, or in the Alternative, Motion to Strike

Defendants Commonwealth of Pennsylvania, Pennsylvania System of Higher Education and Mansfield University raised the foregoing motions concerning the claim of Robert Ruddy for mental distress regarding the death of his twin brother, William, and the claim of Rose Ruddy, the mother of the boys, for lost wages covering the period she remained at home nursing Robert after the accident. Damages which are not legally recoverable may be stricken off as impertinent matter under Pa. R.C.P. 1017(b)(2) or may be treated as mere surplusage and ignored. *Pa. Dept. of Environmental Resources v. Hartford Accident and Indemnity Co.*, 40 Pa. Commw. 133, 396 A. 2d 885 (1979). However to be subject to either of these two solutions, the material must be improper. *Bovard et al. v. Ohio Farmers Insurance Co. (No. 2)*, 50 Lacka. Jur. 91 (1948). With regard to demurrers under Pa. R.C.P. 1017(b)(4), they should be sustained and a cause dismissed only in cases which are clear and free from doubt. It must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. Any doubt should be resolved by a refusal to sustain the objections. *Vitteck v. Washington Broadcasting Co. Inc.*, 256 Pa. Super. 427, 389 A. 2d 1197 (1978).

## A.

### Damages For Emotional Distress To Robert Ruddy

The court takes judicial notice of the fact that the Ruddy boys were twins. Further, that playing together, they, almost as a unit among the other nine players, were largely responsible for the tremendous success Dunmore High School football teams achieved.

In *Sinn v. Burd,* 486 Pa. 146, 170, 404 A. 2d 672, 685 (1979), Pennsylvania adopted the *Dillon v. Legg,* 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P. 2d 912 (1968) parameters for determining whether the infliction of emotional distress was reasonably foreseeable. A cause of action is stated when the following criteria are met: (1) the bystander is located near the scene of the accident—"physical proximity"; (2) the bystander personally observes the accident—"temporal proximity" and (3) the bystander is closely related to the victim—"relational proximity." See W.P. Keeton, Prosser and Keeton on Torts (5th ed. 1984) at 366. It should be noted that the aggrieved victim need not be in the zone of danger, just so he or she is in the zone of emotional harm. *Sinn v. Burd, supra.*

"We presently adhere to the view in this commonwealth that the driver of a vehicle owes a duty of care to all motorists and pedestrians [and passengers] in his immediate zone of danger and to any bystander who experiences a contemporaneous observance of an injury to a close relative." *Mazzagatti v. Everingham by Everingham,* 512 Pa. 266, 516 A. 2d 672 (1986).

We agree it would be an entirely unreasonable burden on all human activity if the defendant who has endangered one person were to be compelled to pay for the lacerated feelings of every person disturbed by reason of it, including every bystander

shocked at an accident, and every distant relative of the person injured as well as his friends. Prosser and Keeton, *supra* at 366. But in the case before us, the relationship was far closer, the happening far more sudden and horrific. Robert was in the death car itself riding as a passenger with his brother William. He saw the whole tragedy unfold before his very eyes. Lastly, but most importantly, with regard to the closeness of relationship, these boys were unique for they were *twins*. From the Biblical times of Jacob and Esau the transcendental bond that exists between twins has been recorded.[*] Sadly here, where before there were two, there is now only one. The Supreme Court of Pennsylvania having held in *Sinn v. Burd, supra* that a bystander/mother who witnesses the violent death of her small child has a cause of action for mental distress, we have no hesitation in holding that Robert, who, while in peril himself, witnessed the violent death of his twin brother, William, does also.

## B.
### Damages To Rose Ruddy for Lost Wages Due To Nursing Robert Ruddy

The complaint states that Rose Ruddy was the mother of the twins and that she "[w]as required to stay home and take care of " Robert because of his injuries. These nursing services required her to lose time from her job and she therefore asks for damages for lost wages.

Reluctantly we must deny this particular claim.

This point appears to be governed by the two old cases of *Goodhart v. Pennsylvania Railroad Company*, 177 Pa. 1, 35 Atl. 191 (1896) and *Woekner v. Erie Electric Motor Co.*, 182 Pa. 182, 37 Atl. 936

---

[*] "And Esau ran to meet him, and embraced him, and fell on his neck, and kissed him: and they wept." Genesis 33:4.

(1897). They stand for the proposition that, where a family member is injured, recovery cannot be had for the value of nursing services performed by other members of the household. The rationale behind this is that the services so rendered involve the performance of the ordinary offices of affection which is the duty of the household members and, since no legal liability is incurred because of the relationship existing, there is no basis for a claim against a defendant for expenses incurred.

That this proposition still prevails in Pennsylvania can be seen from an examination of *Formichella v. Wagner,* 51 D. & C. 2d 119 (1970) where a plaintiff wife sought to recover her wages lost because of caring for her husband whose impaired physical condition was caused by defendant's negligent conduct. Citing the two Supreme Court cases, the court sustained defendant's demurrer to this claim. See also, *Stambaugh v. Smith,* 18 D. & C. 3d 780 (1981) wherein *Goodhart* and *Woekner* were cited with approval.

Although this court recognizes that historically the care of one's family was considered as involving the performance of the ordinary and natural responsibility of affection expected of such a relationship, we cannot lose sight of the fact of the large number of families in these modern days in which both spouses are gainfully employed. This situation obtains, often of necessity, in order that the economic needs of the family be met. And in a case like the one before us in which plantiff mother is the family breadwinner, it is doubly hard to turn one's back on what is economic reality. To hold that a mother must choose between the physical and emotional welfare and well-being of a child as opposed to the economic needs of herself and her family appears to us to do a disservice to the ordinary office of affec-

tion expected to a parent and is a bitter pill and a course this court adopts with great unwillingness. Other jurisdictions have taken the more enlightened view and allowed recovery for the value of services rendered by family members. See 90 A.L.R. 2d 1335. Perhaps if the issue is presented to our appellate courts the rationale enunciated in 1897 will be abandoned or modified. However, as things now stand, our hands are tied.

The motion for the demurrer and to strike off pleadings will be denied as far as the claim for emotional damages by Robert Ruddy is concerned but will be granted as to the claim of Rose Ruddy for lost wages.

### Motion for a More Specific Pleading

Defendants Commonwealth of Pennsylvania, Pennsylvania State System of Higher Education and Mansfield University object to allegations made by plantiffs concerning the negligence of Butsko. Specifically the allegations are in paragraph 21 of the complaint.

"(d) Failure to have his vehicle under proper control;

"(e) Failure to operate his vehicle with due regard for the rights and safety of the plaintiffs herein;

"(f) Failure to obey the various statutes of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles;

"(g) Being otherwise careless and negligent."

Pa. R.C.P. 1019(a) states:

"The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

A motion under Pa. R.C.P. 1017(b)(3) for a more specific pleading should not be used to make a party

plead evidentiary matters. If defendants feel additional information is necessary, this can be secured by resort to discovery. *First National Bank v. Halliday*, 71 Luzerne Leg. Reg. 12 (1980). To require a plaintiff to plead his evidence would emasculate rule 1019(a). *Pike County Hotel's Corp. v. Kiefer*, 262 Pa. Super. 126, 396 A.2d 677 (1978). These precepts apply to paragraph 21 of the complaint, subparagraphs d through f. Therefore defendants' preliminary objections are denied as to them. However, subparagraph g without more is a mere general conclusion which violates Pa. R.C.P. 1019(a). See *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A. 2d 600 (1983). Therefore, defendants preliminary objection concerning this subparagraph of the complaint is granted, and plaintiffs will be afforded an opportunity to file an amended paragraph 21(g) within 20 days from the date of the order accompanying this opinion.

## ORDER

Now, February 24, 1988, for the reasons reflected in the opinion filed herewith, defendants' preliminary objections raising issues of venue, forum non conveniens, and demurrer to the claim of Robert Ruddy for damages for emotional distress are denied; the preliminary objections in the nature of a demurrer to Rose Ruddy's claim for reimbursement for nursing services is granted and the said claim is stricken from the complaint; the preliminary objections in the nature of a motion for a more specific pleading of paragraph 21(g) of the complaint is granted; plaintiff may file an amended complaint amending paragraph 21(g) within 20 days of this order.