## Kane *v.* Philadelphia.

*Negligence—Evidence—Presumption—Question for jury.*

Where a presumption of negligence has once arisen, either as a matter of law, or from affirmative evidence of acts of omission or commission, it remains until overcome by countervailing proof, and whether it is overcome is a question of fact for the jury.

Where a city makes an opening in a sidewalk for a water meter, and encases the opening with planks and covers it with an iron lid even with the surface, and subsequently a pedestrian is injured by the sinking of the earth near the planks into an excavation under the pavement made by water, which plaintiffs' proof, although contradicted, shows came from a leak in the water meter, the case is for the jury.

Argued Jan. 5, 1900. Appeal, No. 209, Jan. T., 1899, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 105, on verdict for plaintiffs in case of James H. Kane and Charlotte Kane, his wife, v. City of Philadelphia. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before WILTBANK, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff, James H. Kane, for $271.25 and for Charlotte Kane for $940. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*J. W. Catharine,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellant, cited Strawbridge v. Philadelphia, 2 Penny. 419 ; Easton v. Neff, 102 Pa. 476 ; Rapho, etc.,

Twp. v. Moore, 68 Pa. 408; Vanderslice v. Philadelphia, 103 Pa. 107; Kibele v. Phila., 105 Pa. 44; Ottersbach v. Philadelphia, 161 Pa. 113; Rumsey v. Philadelphia, 171 Pa. 65; Ginther v. Yorkville Borough, 3 Pa. Superior Ct. 403; Born v. Allegheny, etc., Plank Road Co., 101 Pa. 337; Koelsch v. Philadelphia Gas Co., 152 Pa. 361.

*Francis G. Gallager*, for appellee, cited Beach on Public Corporations, sec. 1140; Vanderslice v. Philadelphia, 103 Pa. 102; Kibele v. Philadelphia, 105 Pa. 41.

OPINION BY MR. JUSTICE FELL, July 11, 1900:

The only assignment to be considered is to the refusal of the court to direct a verdict for the defendant. In 1892 the city caused an opening to be made in the sidewalk of a public street for the purpose of attaching a water meter to the service pipe of an abutting property. The opening extended from the curb toward the house line, and was six feet long, four feet wide and four feet deep. Its sides were cased with planks and it was covered with an iron lid which was even with the surface of the brick pavement. In 1898 the plaintiff was walking on the pavement when the earth at the side of the planks nearest the building suddenly gave way under her, and she was thrown down and injured. The earth under the pavement at this place had settled or been washed away, leaving an excavation four feet long, two feet wide and three feet deep. The box surrounding the meter was filled with water, which was flowing between the edges of the planks into the excavation, which contained but little water. As to these matters there was no dispute at the trial.

It did not clearly appear where the water in the box had come from, but the plaintiff presented testimony tending to show that it came from a leak in the meter, and that the excavation had been caused either by the settling of earth which had not been properly packed after the box was constructed, or by the washing away of earth when the water which escaped from the box found an outlet. The theory of the defendant was that the excavation had been caused by an unusual rain storm a few hours before the accident, and testimony was offered by it to show that the meter and pipe connections were

free from defects, and that no water escaped from them.   As
the city was prima facie liable under the facts as they appear
from the plaintiff's testimony, an issue was raised which was
clearly for the jury.   Where a presumption of negligence has
once arisen, either as matter of law, as in the case of injury to
a passenger in charge of a common carrier, or from affirmative
evidence of acts of commission or omission, it remains until
overcome by countervailing proof, and whether it is overcome
is a question of fact for the jury : Spear v. P. W. & B. R. R. Co.,
110 Pa. 61 ; McCafferty v. Penna. R. Co., 193 Pa. 339.

The judgment is affirmed.