# Clark *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Passenger—Presumption of negligence—Rebuttal of presumption—Cows on tracks.*

In an action by a passenger against a railroad company to recover damages for personal injuries resulting from the derailment of a train, the court cannot say as a matter of law that the presumption of negligence against the company has been rebutted by proof of the fact that the derailment was caused by a stray cow on the track, where there is evidence that there were farms within a quarter of a mile of the place of the accident, and that on

previous occasions trains had been stopped because of cows on the track. Under such circumstances it is for a jury to say whether the company has performed its full duty as to the protection of its passengers.

. *Negligence—Railroads—Settlement of claim—Release—Evidence.*

In an action against a railroad company to recover damages for personal injuries where the defendant sets up a release purporting to have been signed by the plaintiff by her mark, and also a check to her order purporting to have been indorsed by her mark, and also by the signature of her son-in-law, and the plaintiff makes a positive and unequivocal denial of the alleged settlement, and of the execution and delivery of the papers, and of any knowledge on her part concerning them, or concerning the payment of the money, the case must be submitted, to the jury.    The equitable rule of evidence as to the contradiction of a written instrument does not, in such a case, apply.

*Negligence—Railroads—Settlement of claim—Principal and agent.*

.Where in a railroad accident case the defendant sets up a settlement with plaintiff, and payment of money to her son-in-law as her agent, and the plaintiff denies all knowledge of the settlement or payment of money, testimony to the effect that plaintiff's son-in-law after the accident attended to her real estate in the way of collecting rents and payment of bills, is insufficient to warrant the court in charging the jury that the settlement of plaintiff's claim was within the actual or apparent scope of her son-in-law's authority, and that she could not maintain the action without first returning, or offering to return the money that was paid to him, even though it was paid without her knowledge.

Argued Jan. 15, 1904.    Appeal, No. 67, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., May T., 1897, No. 28, on verdict for plaintiff in case of Rosanna Clark v. Lehigh Valley Railroad Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before FERRIS, J.

At the trial it appeared that on July 13, 1896, plaintiff, while a passenger on one of defendant's trains, was injured by the derailment of a train caused by the engine striking a cow. The defendant claimed that the presumption of negligence in favor of the passenger was rebutted by proof that the derailment was caused by a cow on the track.    There was evidence that there were farms within a quarter of a mile of the place of the accident, and a witness testified that trains had been stopped on other occasions because of cows on the track.

The defendant offered. to set up a release executed by the

plaintiff. The facts as to this branch of the case are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*J. B. Woodward*, of *Woodward, Darling & Woodward*, with him *H. W. Palmer*, for appellant.—The defendant's negligence not being established by the mere happening of the accident, the court below should have instructed the jury to return a verdict in favor of the defendant. The derailment of this train was due to an extraordinary contingency, the happening of an event which the defendant could not be expected reasonably to foresee, and against which, under the circumstances of the case, it should not be called upon to provide: Schaeffer v. Jackson Twp., 150 Pa. 145 ; Meier v. Penna. R. R. Co., 64 Pa. 225 ; Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180 ; Fleming v. Pittsburg, etc., Ry. Co., 158 Pa. 130.

To set aside a solemn written instrument of this character, the evidence must be clear, precise and indubitable, evidence that would justify a chancellor in reforming or in totally abrogating the term of the instrument or the instrument itself: Penna. R. R. Co. v. Shay, 82 Pa. 198; Rowand v. Finney, 96 Pa. 192 ; Stull v. Thompson, 154 Pa. 43 ; Wojciechowski v. Spreckels Sugar Refining Co., 177 Pa. 57 ; Poundstone v. Jones, 182 Pa. 574 (581); Ivery v. Phillips, 196 Pa. 1 ; DeDouglas v. Traction Co., 198 Pa. 430 ; Streator v. Paxton, 201 Pa. 135 ; Ogden v. Traction Co., 202 Pa. 480.

*Edward A. Lynch*, with him *Charles Leroy Robbins* and *John F. Shea*, for appellee.—Cattle being on a railroad at the time of an accident raises a question of negligence, and whether it is imputable to the company is determinable by the jury: Lack. & B. R. R. Co. v. Chenewitch, 52 Pa. 382 ; Sullivan v. Phila. & Reading R. R. Co., 30 Pa. 234.

Where the execution of a receipt is denied, the party offering it must satisfy the jury by the weight of the evidence that

it was executed by the other party: Mitchell v. Mitchell, 18 W. N. C. 439; McHugh v. Schuylkill Co., 67 Pa. 391.

OPINION BY RICE, P. J., April 18, 1904:

The court charged the jury that the happening of an accident to the means of transportation of a railroad, resulting in an injury to a passenger, of itself raises a presumption of negligence on the part of the company, which presumption is sufficient to warrant a recovery of damages, unless rebutted by evidence on behalf of the company showing that the injury was not caused by its negligence or the negligence of its employees. The substantial correctness of this statement of the law, as applied to this case, is not disputed by the defendant's counsel; nor do they deny that the plaintiff's proofs fully met the requirements of the rule, as stated in Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180, that to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business, or in the appliance of transportation. But they argue, and requested the court so to charge, that the fact being virtually conceded by the plaintiff that the derailment of the train was caused by a collision with a cow that had strayed upon the track, and the further facts being established by the undisputed testimony of the defendant's witnesses that the train men made every possible effort to avoid the collision as soon as the cow was sighted and that the accident occurred at a point where cows had not been known to stray on the company's right of way, therefore, the presumption of negligence was rebutted and there could be no recovery. Apart from the objection that the affirmation of this proposition by the court would have withdrawn from the jury the question of the credibility of the defendant's witnesses, there is the other serious objection that although it might be true that these witnesses never had seen cows upon the track at that point, yet it would not necessarily follow that the company owed no duty to its passengers to foresee and provide against the happening of that contingency.

The defendant's witnesses admitted that there were farms along the valley within a quarter or half mile of the point in question, and a witness called by the plaintiff testified that on

two or three occasions, the train running on this short line between White-Haven and Pond Creek, on which he was a passenger, had been stopped because cows were on the track. The straying of cattle to a considerable distance is not an unusual thing. And, even granting it to be conceivable that a case might arise, where, the railroad being so far from human habitations, the court would be warranted in declaring that this was a danger which the company could not be expected to guard its passengers against, it is very clear that under the evidence this was not such a case: Sullivan v. Phila. & Reading R. R. Co., 30 Pa. 234; Lackawanna & Bloomsburg R. R. Co. v. Chenewith, 52 Pa. 382. To say the least, the plaintiff had a right to have the question whether the presumption of negligence had been rebutted submitted to the jury, and this was done in an unexceptionable manner of which the defendant does not, and could not justly, complain.

The second ground of defense is a release under seal purporting to have been signed by the plaintiff, by her mark, witnessed by her daughter, Isabella Lorenz, and P. J. Ferguson, the defendant's adjuster, in consideration of the sum of $225, for which the latter gave his check, payable to the plaintiff's order. This, likewise, purports to have been indorsed by her by mark, witnessed by Mr. Ferguson and Frederick Lorenz, the plaintiff's son-in-law, and was duly paid by the bank to the latter. The plaintiff met the defendant's evidence as to the settlement of the claim, and the execution and delivery of the paper, by a positive and unequivocal denial of the alleged settlement, and of the execution and delivery of the papers, and of any knowledge on her part concerning them, or concerning the payment of the money. It is argued that to set aside a solemn instrument of this character the evidence must be clear, precise and indubitable, evidence that would justify a chancellor in reforming or in totally abrogating the terms of the instrument or the instrument itself. If the execution of the paper were admitted, and the plaintiff were seeking to avoid its effect by proof of fraud, accident or mistake, the principle invoked by the appellant's counsel would be applicable, and it would then become necessary to determine whether the testimony of the plaintiff, taken in connection with the testimony of Isabella Lorenz, was sufficient, both as to quan-

tity and quality, to meet the requirements of the two witness rule, and to justify a chancellor in making a decree in her favor. But the plaintiff was not in a court of equity, nor was she demanding equitable relief. She was in a court of law, and the question raised was to be determined by common-law rules relative to the burden of proof and the weight of evidence. So that, even if her testimony were uncorroborated, still the submission of the question of fact to the jury was demandable of right: Mitchell v. Mitchell, 18 W. N. C. 439 ; 5 Cent. Repr. 277 ; Gibson v. Western N. Y. & Penna. R. R. Co., 164 Pa. 142. See also Thomas v. Law, in which we have this day filed an opinion, and the cases there cited.

But, say counsel, assuming that the court was right in leaving the question to the jury whether the plaintiff signed the release, eliminating the release from the case altogether, still the plaintiff was not entitled to recover because, according to her own testimony, her son-in-law, Frederick Lorenz, was her agent, and there was no return or offer to return the money, which his indorsement on the check and the undisputed testimony show was paid to him. True, it appeared by her testimony and that of another witness called by her, that she was an owner of, or had an interest in, real estate, and that after the accident Lorenz attended to her business for her, such as collecting rents and payment of bills. This testimony was insufficient to warrant the court in charging the jury that the settlement of her claim for personal injuries arising out of the defendant's negligence was within the actual or apparent scope of his authority, and that she could not maintain the action without first returning or offering to return the money that was paid to him, even though it was paid without her knowledge.

All the assignments of error are overruled and the judgment is affirmed.