# Shaughnessy, Appellant *v.* Director General of Railroads.

*Negligence—Railroads—Passenger—Injury from defect in appliances—Presumption—Evidence—Probative force—Case for jury.*

1. Where a passenger in a suit against a railroad company shows that his injuries were due to a broken rail, the court cannot say as a matter of law, that the uncontradicted testimony of witnesses for defendant, showing inspection of the track, and the defect found in the broken rail, taken in connection with expert opinion that this could not have been discovered by any known tests, made necessary a verdict for defendant.

2. In such case, it is for the jury to pass upon the credibility of the witnesses and to say whether the circumstances disclosed repelled the legal presumption of negligence arising from the injury having been caused by the broken rail.

3. The rebuttable presumption of liability has the same probative force as if established by direct evidence.

Argued April 19, 1922. Appeal, No. 180, Jan. T., 1922, by plaintiff, from judgment of C. P. Centre Co., Dec. T., 1919, No. 90, on verdict for defendant, in case of M. E. Shaughnessy v. Director Gen. of Railroads. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before QUIGLEY, P. J.

Directed verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was direction of verdict for defendant, quoting record.

*Charles B. Lenahan,* with him *Spangler & Walker,* for appellant.—Whether the circumstances exist as will repel the legal presumption of negligence, is a question of fact to be determined by the jury, from all the evidence in the case: Penna. R. R. v. Weiss, 87 Pa. 447; McCaf-

ferty v. R. R., 193 Pa. 339; Devlin v. Light Co., 192 Pa. 188; Rauch v. Smedley, 208 Pa. 175; Simons v. Ry., 254 Pa. 507; Van v. Richmond, 259 Pa. 300; Kane v. Phila., 196 Pa. 502; Doud v. Dir. Gen., 269 Pa. 182.

*John Blanchard,* with him *James C. Furst* and *Edmund Blanchard,* for appellee.—Binding instructions were proper: Lonzer v. R. R., 196 Pa. 610; Pottsville Lumber Co. v. Wells, 157 Pa. 5; Milton Weaving Co. v. Gas & Electric Co., 251 Pa. 79; Imp. Co. v. Munson, 14 Wall. 442; Anspach v. Ry., 225 Pa. 528; Lapinco v. Ry., 257 Pa. 344; Schley v. R. R., 227 Pa. 494; Walters v. Bridge Co., 234 Pa. 7.

OPINION BY MR. JUSTICE SADLER, May 25, 1922:

On April 13, 1918, plaintiff was a passenger on defendant's train. He was seated in a Pullman car which was derailed while passing through Centre County, and as a result was seriously hurt. Investigation, made after the accident, disclosed a rail broken into six parts, and a spreading of the track for some distance, likely due to the shifting of the ties when the coach was overturned. Suit was brought to recover damages, and, upon the trial, evidence was offered to show the relation of claimant to the company at the time his injury was received, and the amount of loss sustained. With these facts proven, a presumption of responsibility arose, the passenger having suffered harm by reason of a defect in the railroad appliances: Meier v. P. R. R. Co., 64 Pa. 225; McCafferty v. P. R. R. Co., 193 Pa. 339; Spear v. P., W. & B. R. R. Co., 119 Pa. 61. It then became the duty of defendant to establish, by the preponderance of the evidence, that the accident occurred notwithstanding its exercise of the highest degree of practicable care and diligence: Doud v. Hines, 269 Pa. 182.

To meet this burden, and relieve itself of presumptive responsibility, witnesses were called to show the making of proper inspection to discover defects. It appeared

that the supervisor of the division went over the track at least once a month, and a track-walker passed the locus in quo, daily on foot, observing the rails for possible breaks. The section covered by him each day to and fro was nearly five miles in length, and his investigations were limited to such matters as were openly visible. It was proven, further, that the rail which gave way had been purchased from a reputable manufacturer about one year previously, after tests had been made to determine its soundness. Experts examined the broken pieces after the derailment, and testified the steel was of good quality, the fracture having resulted from "internal transverse fissures," which were latent defects, not discoverable by the use of any reasonable mechanical methods. No evidence in contradiction was offered by plaintiff, resting as he did on the presumption of lack of proper care arising from the happening of the accident. Upon motion, the court gave binding instructions for defendant, and subsequently entered judgment on the verdict rendered. As a result, this appeal was taken.

A narrow question is involved. In view of the legal presumption arising in favor of plaintiff, could the court say as a matter of law, that the uncontradicted testimony of witnesses for the defendant, showing inspection of the track, and the defect found in the broken rail, taken in connection with the expert opinion that this could not have been discovered by any known tests, made necessary a verdict for the defendant?

As early as Sullivan v. P. & R. R. R. Co., 30 Pa. 234, it was expressly declared that it is for the jury to say whether the circumstances disclosed repelled the legal presumption of negligence arising where the passenger is injured by an overturned car. This rule has been consistently followed in many decisions since (P. R. R. Co. v. Weiss, 87 Pa. 447; Van v. Richmond, 259 Pa. 300; Kane v. Phila., 196 Pa. 502), and it is applied where a prima facie case is made out, notwithstanding the great preponderance of the testimony is with the defendant:

Simons v. P. & R. Ry. Co., 254 Pa. 507; Rauch v. Smedley, 208 Pa. 175.

The rebuttable presumption of liability has the same probative force as if established by direct evidence. It stands as a fact, except as overcome by testimony produced by defendant. The railroad company did not dispute plaintiff was a passenger, and had been injured by a break in its track, but attempted to show a condition, which, if true, relieved it from responsibility. It claims to have established its defense by testimony so conclusive as to justify binding instructions in its favor, but, as pointed out in Holzheimer v. Lit Brothers, 262 Pa. 150, 153, and Clark v. Lehigh Valley R. R. Co., 24 Pa. Superior Ct. 609, the question of the credibility of the witnesses, by whom the facts were proven, still remained for the determination of the jury, under such circumstances.

It is true that cases may be found, of which Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610, is an illustration, holding that uncontradicted facts may so clearly negative any idea of negligence as to justify the court in so declaring as a matter of law. Ordinarily, however, capricious verdicts are to be cured by the grant of a new trial, and it is only where no dispute appears in the evidence, or in the inferences which may possibly be drawn therefrom, that binding instructions can be given, where the finding is necessarily based on parol testimony: Devlin v. Beacon Light Co., 198 Pa. 583.

"Though plaintiff offered no evidence to contradict that offered by defendant as to the cause of the accident, it remained for the jury to say whether the explanation offered by defendant indicated the use of proper care in the maintenance of its roadbed, and thus overcame the presumption of negligence": Doud v. Hines, 269 Pa. 182, 186.

The testimony of defendant in the present case tended to show the taking of due precautions in the selection of the rails, and a break resulting from a latent defect,

which could not be discovered by inspection. It was proper for the witnesses to testify that the necessary care had been taken before the rail was laid, and after, but this was ultimately for the jury's consideration (Elder v. Lykens Valley Coal Co., 157 Pa. 490), its weight being dependent upon the credibility of the witnesses giving the opinion: 22 C. J. 728. Whether the accident occurred from a broken rail, as to which the proper tests were made, and whether essential inspection was had to discover defects, were questions for the jury to pass upon.

The assignments of error are sustained, and the judgment is reversed with a venire facias de novo.