## Cameron, Secretary of Banking, v. Doyno.

*Practice, C. P.—Judgment n. o. v.—New trials.*

1. The court will not give judgment *n. o. v.* for the defendant in a case where the plaintiff has made out a *prima facie* case and the defendant has produced uncontradicted evidence, part of which is verbal, which, if true, would be a complete defence.

2. When the court believes that the jury has capriciously disregarded the evidence, though the court cannot grant judgment *n. o. v.*, yet a new trial will be granted.

*Banks and banking—Stockholders—Liability—Transfer of stock—Act of May 5, 1911, P. L. 126.*

3. In an action against a stockholder of a bank to recover an assessment on stock, the presumption is that the defendant, as registered owner, is liable, but he may show that he had signed a transfer and delivered it to the bank and that the bank had accepted it.

Motion for judgment *n. o. v.* and for a new trial. C. P. Lawrence Co., Sept. T., 1926, No. 132.

Robert L. Wallace, for plaintiff; James A. Chambers, for defendant.

GRAFF, P. J., 33rd judicial district, specially presiding, Aug. 9, 1927.—This action was instituted to recover an assessment made upon shares of stock after the failure of the First State Bank of New Castle. The jury returned a verdict in favor of the plaintiff, and there is now before us a motion for judgment *non obstante veredicto* and a motion for a new trial.

The First State Bank of New Castle was closed by the Secretary of Banking in September, 1925, and 140 shares of the capital stock were at that time registered in the name of the defendant. The certificate of stock representing the 140 shares was found at the bank in the safe deposit box of Victor Doyno, president of the bank. This certificate had been assigned in blank by the defendant's guardian. The defendant's evidence was as follows: That the shares of stock had been transferred by Victor Doyno to his brother Antonio in 1923 to secure a loan made by the latter to the former. Later, Antonio Doyno, the defendant, was adjudged mentally incompetent and a guardian appointed. Nicola, an attorney-at-law, was later appointed guardian during the summer of 1924, and at once proceeded to adjust the affairs between Victor and Antonio Doyno. The transaction involved many matters, including the stock in question. Negotiations were conducted between the guardian of the defendant and Victor Doyno and his attorneys, and it was agreed to

retransfer the stock to Victor Doyno. The Cleveland Trust Company was appointed agent to carry the agreement into effect, and papers, including the stock, were delivered to it in escrow. The stock was then mailed to Victor Doyno in January, 1925, and the letter received and opened by Edmondo Doyno, secretary of the board of directors of the bank. The stock was given to Victor Doyno, who held it without formal transfer pending a sale to some third person, as agreed by him, Edmondo Doyno and the bank's attorney. Victor Doyno testified that Edmondo Doyno had been present at a meeting in Cleveland and was thoroughly conversant with the arrangement to retransfer the stock and the instructions relating thereto. Under the by-laws, the secretary of the board of directors had charge of the stock books and issued and attested all certificates of stock.

The Uniform Stock Transfer Act of May 5, 1911, P. L. 126, provides: "That nothing in this particular act shall be construed as forbidding a corporation to hold liable for calls and assessments a person registered on its books as the owner of shares of capital stock." This provision is subject to the modification that, if the corporation accepts or consents to the transfer, the transferor will be relieved from liability. If an assignment is delivered to the officers of the company whose duty it is to make the transfer, or whose duty it is to sign and issue new certificates, statements by such officers to the effect that the transfer was recognized or agreed to is sufficient to bind the company and relieve the transferor from further liability: Schmitt v. Kulamer, 267 Pa. 1. The burden is upon the defendant who sets up such a defense of proving the acts which will release him from liability: Schmitt v. Kulamer, supra.

The defendant contends that a verdict should have been directed in his favor. A part, at least, of the defense was dependent upon verbal evidence, and, although uncontradicted, we cannot say that it was so conclusive as to justify binding instructions. We believe that the jury should properly pass upon the credibility of the witnesses: Holzheimer v. Lit Brothers, 262 Pa. 150, 153. We conclude that the motion for judgment non obstante veredicto should be refused.

The first reason for a new trial is that the verdict was against the weight of the evidence. The plaintiff proved a prima facie case by evidence that the defendant was registered upon the books of the bank as the owner of the stock in question. The burden thereupon devolved upon the defendant of excusing himself from liability. The defendant's evidence is uncontradicted. Antonio Doyno was mentally incompetent at the time of the alleged transfer. Negotiations were conducted by his guardian, the stock delivered in escrow to the Cleveland Trust Company and a written letter of instruction given the company by representatives of each side. The stock was delivered in January, 1925, with instructions to transfer upon the books. This was known to the officers whose duty it was to make such transfer. The bank was closed eight months later, but there is no evidence whatever to warrant the conclusion that the assignment was made in bad faith. We believe justice requires that a new trial be granted. Juries should not capriciously disregard the evidence, and in such cases a new trial should be granted: Shaughnessy v. Director General of Railroads, 274 Pa. 413.

And now, Aug. 9, 1927, the motion for judgment non obstante veredicto is refused and the rule heretofore granted discharged.

And now, Aug. 9, 1927, the verdict of the jury is set aside, the motion for a new trial granted and the rule heretofore issued made absolute.

From William McElwee, New Castle, Pa.