**UNION PAC. R. CO. v. STANGER et ux.**
**No. 10063.**
Circuit Court of Appeals, Ninth Circuit.
Jan. 7, 1943.

George H. Smith, of Salt Lake City, Utah, and H. B. Thompson and L. H. Anderson, both of Pocatello, Idaho, for appellant.

John Ferebauer, of Idaho Falls, Idaho, and W. H. Witty, Clyde Bowen, and Walter H. Anderson, all of Pocatello, Idaho, for appellees.

Before GARRECHT, HANEY and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a money judgment in the sum of $19,000, decreed and entered by the United States District Court, sitting under a proper stipulation without the aid of a jury, against the Union Pacific Railroad Company, a Utah corporation, in favor of Phyllis Stanger and Albert G. Stanger, wife and husband, as the measure of compensation for the personal injuries suffered by Phyllis Stanger while riding as a paid passenger in one of the Union Pacific Railroad Company's trains. There is no item of consequential or other damage to Albert G. Stanger entering into the total sum awarded in the judgment, and no question is raised herein upon the fact that the judgment runs to both Phyllis Stanger and Albert G. Stanger.

There were two actions consolidated. One was by both Phyllis Stanger and Albert G. Stanger upon injuries sustained by Phyllis Stanger. One was by Albert G.

Stanger for personal injuries sustained by him and the judgment went against him. The Union Pacific Railroad Company alone appeals.

Appellant says: "The evidence is insufficient to support a finding that defendant was guilty of any negligence as charged in the complaint, for the reason that plaintiffs did not offer or introduce any evidence of negligence but relied entirely on an inference of negligence arising from the derailment of the train and defendant's evidence completely rebutted any inference of negligence by establishing without dispute that the track and roadbed were in good condition, that there was no defect in the passenger equipment but that the derailment was caused by a broken wheel resulting from internal stress which was latent and could not have been found or discovered by any kind of inspection prior to the time it broke."

At the trial, plaintiffs, appellees here, presented evidence to the effect that they were paying passengers on defendant's railroad train, and that the train was derailed. There is no issue upon these matters. Appellees also presented evidence to the effect that they were injured in the wreck, but appellant denied it and introduced supporting evidence.

It is conceded that this state of the case presents an inference of negligence upon the part of defendant under the doctrine of res ipsa loquitur, and there is no issue made upon the application of the force of the res ipsa loquitur rule as it is generally defined.

The defendant introduced evidence to the effect that the train involved in the derailment was traveling at the normal rate of 60 or 65 miles per hour; that the day before the accident, the switch and track were inspected and found to be in perfect condition; that around 20 feet from a frog accommodating a switch from the main track the section foreman discovered "a flat place about one-half inch, like something had been pounded into the top of the ball of the rail". Easterly, about 16 feet from this flat spot, and in the direction the train was traveling the foreman found "where the rail had begun to break away and was torn out from there on * * * for around three hundred feet". The witness testified that it was 8° or 10° above zero; that he had not seen broken rails in "this class of rails", but he had heard

of them. Evidence was introduced by defendant to the effect that after the accident the cars were inspected and nothing was found to be missing and nothing was found to be defective except a broken wheel; that all of the broken parts of the wheel were recovered and shipped to a qualified metallurgist, who tested it for the cause of the break; that this test disclosed that the wheel broke due to internal stresses (defects) developed during the manufacture of the wheel, and that such stresses could not be discovered by any kind of inspection short of "cutting the wheel up"; that the cause of the break were the stresses, which were present in the wheel when it left the mill; that the wheel was manufactured in 1928, and there were thousands of the same kind and model in operation on the defendant's and other railroads; that since 1912, only two wheels have broken from like causes; and that a chemical analysis of the wheel showed it to conform to specifications of the American Railway Association. To this proof there was no counter evidence proffered.

Notwithstanding such lack of counter evidence, the trial court found that the defendant failed "to rebut the inference of negligence drawn from the facts and circumstances of this accident that due care, inspection and management and control had been employed by the defendant", and that "from a fair analysis of defendant's evidence * * * the defendant * * * did not, prior to the accident exercise or use or discharge that degree of care of inspecting, maintaining, managing and operation of its passenger equipment that the law requires of it as under the facts and circumstances in these cases required".

The defendant seems to argue as though it has two strings to its bow. According to its theory of res ipsa loquitur, it is entitled to a reversal in this case, because all that it had to do in the trial court was to introduce some substantial credible evidence going to establish its required care. That in such circumstances the force of the rule vanishes. It says in its brief, "If the defendant offers credible evidence to the contrary, then the inference of negligence disappears, and unless the plaintiff produces other evidence independent of the inference or presumption, his case fails for want of proof." Defendant claims that it did introduce some substantial credible evidence to that effect.

Upon this point defendant relies upon Western & Atl. R. Co. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884; and Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78, 32 L.R.A.,N.S., 226, Ann.Cas.1912A, 463; and Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819, to support his theory that the inference disappears upon the introduction of competent evidence. But in none of these cases is the court considering the inference of res ipsa loquitur.

■ We think this theory of res ipsa loquitur is premised faultily. The rule of res ipsa loquitur is not merely a rule of evidence shifting the burden of going forward with proof, for the inference of negligence under the rule does not disappear when met with substantial credible evidence of due care. It remains in the case throughout to be given consideration by the trier of fact in his weighing of the whole case with the burden of proof remaining with the plaintiff to the end. Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905; Shaughnessy v. Director General of Railroads, 274 Pa. 413, 118 A. 390, 23 A.L.R. 1211. Whether or not the doctrine of res ipsa loquitur is of the nature of substantive law, evidence, or procedure merely, we need not here discuss. There is much judicial literature upon the distinctions and meanings of those terms. The law of Colorado, in which state the accident occurred, and the law of the state of Idaho, where the action was brought, take the view we have herein expressed. See Colorado Springs, etc., Ry. Co. v. Reese, 69 Colo. 1, 169 P. 572-575; Velotta v. Yampa Valley Coal Co., 63 Colo. 489, 167 P. 971, L.R.A.1918B, 917.

■ Again, according to defendant's second theory of res ipsa loquitur, it claims to be entitled to a reversal in the trial court, because all that it had to do was to introduce evidence of such a high character and so conclusive in nature that it would have constituted an abuse of judicial discretion for the trier of fact to refuse to decide that it at least met the circumstantial inference of negligence under the rule. Defendant strongly contends that it not merely met the inference but overcame it entirely.

The legal premises of this theory are correct, but we do not agree with defendant's conclusions.

■ After a thorough consideration of the evidence, we are of the opinion that we cannot say as a matter of law that the trial judge abused his discretion in his finding that the defendant's evidence does not meet the force of the inference of defendant's negligence. [1]

Appellant's remaining assignments of error relate to the amount of damages awarded by the trial court. We find it unnecessary to discuss all of these assignments in detail, for the reason that in our opinion the evidence fully supports the findings of the trial court to the effect that as a result of and because of the accident, it became necessary for the appellee Phyllis Stanger to undergo a surgical operation, which rendered her sterile. In general, appellant argues to the effect that the Court should have reduced the amount of damages, because of the fact that before the accident, the plaintiff had suffered from a chronic disorder, without which, urges the appellant, the operation would have been unnecessary. Appellant urges that the damages estimated included compensation for said appellee's ill health before the accident and not solely for her ill health and sterility as aggravation of her former condition resulting from the accident.

■ On this point, we disagree with the appellant. And as a matter of fact, the court found that the appellee was "enjoying reasonably good health" prior to the accident, or in other words, that there was nothing to "aggravate". This finding is supported by testimony of appellee's physicians to the effect that, while she had previously been treated for the claimed diseased condition, she had responded to treatment and that the symptoms of her condition had "entirely cleared up"; and by appellee's testimony that for three months previous to the accident her health "had been perfect".

■ There is another point raised by the appellant, however, which necessitates our remanding the cause to the District Court. The trial court found that Phyllis Stanger "suffered severe and permanent injuries that have caused, since the time of the accident *and will continue to cause*

---

[1] For general consideration of res ipsa loquitur, see Liggett & Myers Tobacco Co. v. De Lape, 9 Cir., 1940, 109 F.2d 598.

*her nervousness and physical suffering and discomfort so long as she may live*" as well as the sterility resulting from her operation necessitated by the accident. There is no support in the record for the portion of the finding which we have italicized. Since the trial court made no segregation of the total damages awarded upon the basis of separate items of injury, the cause must be reversed and remanded.

Reversed and remanded.