24

## UNION PAC. R. CO. v. DE VANEY.
### No. 11426.

Circuit Court of Appeals, Ninth Circuit.
June 9, 1947.

E. E. Bennett, Edward C. Renwick and Malcolm Davis, all of Los Angeles, Cal., for appellant.

Desser, Rau & Christensen, of Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

Martin DeVaney was awarded the sum of $2,883.66 against the Union Pacific Railroad Company in an action under Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., as compensation for injuries which the court found he had sustained as the proximate result of Union Pacific's negligence. The company appeals, claiming that the evidence was insufficient to support the findings of fact, that the doctrine

of res ipsa loquitur is not applicable to the case, that there is no evidence of any negligence on the part of the appellant which proximately contributed to the happening of the alleged accident, and that there was no evidence of proximate causal connection between the alleged accident and injury complained of.

There is evidence to support the following version of the accident. Appellee worked on a local freight train as a brakeman, and it was his job to observe the running condition of the train and to follow instructions of the conductor as to what cars should be placed at certain stations and also to pick up cars as the conductor would instruct him. It was his duty to examine the train from end to end at every stop or to walk as far as he could and catch the rear end of the train as it passed by. He was to examine the condition of the running gear and the general safety of the train and to see that everything was in order as far as he could observe. The train traveled over a track with many rather sharp curves as it proceeded through Cajon Pass in California. At the time of the accident appellee was walking along the left side of a flat car to investigate the cause of flying sparks he had noticed forward. Two army trucks were on the flat car, and one had worked loose from its fastening. As he proceeded, holding onto the truck, it swayed and his feet became entangled in some broken wires that had been used in fastening the truck to the car, and he fell from the train.

He returned home the night of the accident and noticed that his abdomen was swollen and inflamed, and he was in considerable pain. The next day he tried to see the company doctor, but the doctor was unavailable. He then reported for work and went to the town of Yermo, where he saw a Dr. Balachey, a company doctor, who examined him and advised surgery for hernia, and advised him to see Dr. Nevin, a company doctor. This was in January or early in February. At Dr. Nevin's office he was sent to Dr. Gamette, who advised as did Dr. Balachey. Appellee, however, was able to work periodically but continued to experience pain until he was operated on in November.

■ Section 1 of the Federal Employers' Liability Act makes a carrier liable in damages for any injury which results in whole or in part from the negligence of any of its officers, agents or employees. This duty of care becomes even greater as the risk increases. In Patton v. Texas & Pacific Ry. Co., 179 U.S. 658, 664, 21 S. Ct. 275, 278, 45 L.Ed. 361, the court states that: "Reasonable care becomes, then, a demand of higher supremacy; and yet, in all cases it is a question of the reasonableness of the care;—reasonableness depending upon the danger attending the place or the machinery." See Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; McGivern v. Northern Pacific Rd. Co., 8 Cir., 132 F.2d 213. In our case the mountainous terrain over which the freight train traveled created considerable risk, which required that the trucks on the flat car should have been fastened securely. The court found that they were not so fastened and that the company thereby failed in its duty to the appellee. It was foreseeable that the wiring described might break and thereby create an unsafe condition for the employees, whose duty it was to cross the flat car. There was also evidence in the case that wiring used on other occasions had likewise broken. There is nothing to support the allegation that appellee, under his duty of inspection, should have seen the dangerous condition prior to the accident. Appellee inspected the train along with the conductor and another brakeman within the zone of their duties, this inspection being for purposes of seeing that no defect existed in the running gear. None of them saw the wires over which appellee tripped prior to the accident. It does not appear that the company had fulfilled its duty of care towards its employees through proper inspection at the starting point or at all. One employee testified that probably an inspection had been made but he did not know it as a fact.

■ Negligence must be found and fastened to the party guilty thereof before a compensating judgment for resulting injury can be found.

■ Where the injury is the proximate result of a happening which would

not ordinarily occur without negligence and the possession and control of the thing involved rests in a party certain, the lack of evidence as to negligence on the part of the injured person may be supplied by the doctrine of res ipsa loquitur, that is, the duty of going forward with proof in explanation of the happening moves to the party having the possession and control. In our case the company is under such duty. Appropriately we may add that the burden of proving this case always remains with plaintiff as, even with the aid of the doctrine, the plaintiff continues under the duty of convincing the fact finder that the injury resulted from negligence and the defendant was guilty of the negligence.

We said in Union Pacific Rd. Co. v. Stanger, 9 Cir., 132 F.2d 982, 984, "The rule of res ipsa loquitur is not merely a rule of evidence shifting the burden of going forward with proof, for the inference of negligence under the rule does not disappear when met with substantial credible evidence of due care. It remains in the case throughout to be given consideration by the trier of fact in his weighing of the whole case with the burden of proof remaining with the plaintiff to the end." [1]

■■ It was the company's duty to fasten the trucks on the flat car securely, and it thereby failed in its duty to provide a reasonably safe and proper place for appellee to work. The car was in the exclusive possession and care of the company during all of the relevant time and the company was charged with the duty of keeping the truck fastened in such a way that it could not move about. The circumstances brought the doctrine of res ipsa into play.

■ The appellant's contention that the method of loading the trucks was a usual method is not established by the evidence. Further, in Lane Bros. Co. v. Couch, 6 Cir., 192 F. 509, where a fireman employed on a locomotive used in construction work to push freight cars loaded with bridge timbers had been killed by the insufficiency of one of the standards on such car, which allowed a timber to fall therefrom, it was held that an instruction that the defendant was not liable if the ties were loaded and handled in the way usual and ordinary on such a construction track was properly reviewed, for, said the court 192 F. at page 512, "It overlooked the clear contingency that a method may be ordinary, and still be dangerous or reckless. The criterion is not merely the custom but the custom of ordinarily prudent operators."

The evidence is ample to support the trial judge's finding that the injury was caused by the fall from the car and that the fall was caused by the negligence of the company.

Affirmed.

---

[1] For the theory and application of res ipsa loquitur, see Pitcairn v. Perry, 8 Cir., 122 F.2d 881, certiorari denied 314 U.S. 697, 62 S.Ct. 414, 86 L.Ed. 557, where the doctrine is applied in a Federal Employers' Liability Act case; Scarborough v. Urgo, 191 Cal. 341, 216 P. 584; Druzanich v. Criley, 19 Cal.2d 439, 122 P.2d 53; Cf. Travelers Fire Ins. Co. v. Brock & Co., 30 Cal.App.2d 112, 85 P.2d 905; Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann. Cas.1914D, 905; Liggett & Myers Tobacco Co. v. De Lape, 9 Cir., 109 F.2d 598; Prosser, Torts, pp. 293, 295.