## HERZINGER v. STANDARD OIL COMPANY OF CALIFORNIA et al.

### No. 12668.

United States Court of Appeals
Ninth Circuit

July 12, 1951.

696

Orville R. Wilson, Elko, Nev., R. P. Parry, J. R. Keenan, T. M. Robertson, John H. Daly, all of Twin Falls, Idaho, for appellant.

Samuel Platt, Reno, Nev., Wallace L. Kaapcke, Alexander R. Imlay, San Francisco, Cal. (Marshall P. Madison, Francis R. Kirkham, San Francisco, Cal. of counsel), for appellee Standard Oil Co. of California.

Morley Griswold and George L. Vargas, John S. Halley, all of Reno, Nev., for appellee Odermatt.

Before BONE and ORR, Circuit Judges, and FEE, District Judge.

ORR, Circuit Judge.

Appellant was the owner and operator of a service station situate at Mineral Hot Springs, Nevada. Appellee Odermatt, hereinafter referred to as Odermatt, was a wholesale dealer in petroleum products furnished him by Standard Oil Company of California, hereinafter referred to as Standard.

On the 3rd day of May 1947 Odermatt caused to be delivered to Herzinger a tank truck load of gasoline from which two underground tanks were filled. After filling one underground tank the truck was moved to a position from which the second was filled. Immediately subsequent to the filling of the second tank the driver of the truck disconnected the hose used in the operation of draining gasoline from the tank truck to the underground tanks, emptied it and laid it along the ground. The driver then went to a bar room operated on the premises to make out invoices. A few minutes later a fire occurred which consumed several buildings belonging to appellant.

Appellant instituted this action, alleging Odermatt to be the agent of Standard; that negligence on the part of the employee

of Odermatt in delivering gasoline on May 3, 1947 resulted in its ignition with the resultant destruction of Herzinger's property.

A jury trial was had and a verdict returned in favor of Odermatt and Standard. On this appeal appellant assigns as error the failure of the court to give a requested instruction dealing with the liability of the alleged principal, Standard, for the torts of its alleged agent, Odermatt. Since the jury found that there was no *primary* liability attributable to Odermatt it did not reach a consideration of that phase of the case to which the instruction applied; hence, no prejudice could have resulted.

It is contended that the trial Court erred in explaining to the jury, subsequent to its retiring to deliberate, and at its request, certain provisions of the Court's instruction No. 22. This instruction defined the rule of *res ipsa loquitur*. The so-called explanation amounts to an additional instruction and the grounds of objection as to it were sufficiently set out to require consideration by us of the alleged error.

Instruction 21 instructed the jury at length that appellant had the burden of proving that negligence of Odermatt's employee caused the fire. Instruction 22 informed the jury that if it should find that the fire was not caused by any appliances within the appellant's control an inference arises that negligence attributable to Odermatt caused the fire and that this inference should be weighed against any evidence tending to overcome it. No objection was made to either of these instructions. The jury became confused, and after deliberating for ten hours requested the Court to explain these two instructions. The Court thereupon elaborated correctly upon instructions Nos. 21 and 22, including in this explanation the sentence "plaintiff's burden of proving negligence and the proximate cause of the fire by a preponderance of the evidence is not changed by the rule just mentioned." Appellant says this statement was prejudicial.

■ The first ground urged is that appellant's objection to the so-called explanation "was in effect an objection to Instructions No. 21 and 22 as amended by the explanation which should entitle the plaintiff to urge the giving of Instructions No. 21 and 22 as error." The argument is untenable. Since no timely objection was made to Instructions Nos. 21 and 22 they cannot be considered now. The second ground of the objection is that the words objected to "in effect nullified the instruction on *res ipsa loquitur*." Appellant argues that he is not "contending that the burden of proof shifts to the defendant," but nevertheless insists that a "burden is placed upon the defendant to either (1) satisfactorily explain the accident by showing a definite cause, in which cause there is no element of negligence on the part of the defendant, or (2) that the defendant so controlled and operated the instrumentalities under his control in all possible respects as necessary to lead to the conclusion that the accident could not have happened from want of care."

Odermatt and Standard insist that the doctrine of *res ipsa loquitur* has no application to this case at all, because the premises upon which the accident occurred were under the exclusive control of plaintiff, and thus brings this case within the decisions to the effect that where all possible causes of the accident are not within the control of defendants the doctrine has no application. Weaver v. Shell Co., 1936, 13 Cal.App.2d 643, 57 P.2d 571. This legal principle was presented to the jury by the Court in its instruction to them that the inference that the defendants' negligence caused the fire would arise only in the event they found that none of the appliances within the plaintiff's control caused the fire.

■ That inference, the Court instructed, and properly so, was to be weighed by the jury against the conflicting evidence, such as the testimony that the exhaust pipe had cooled, that the motor was turned off, and so forth. Cf. Las Vegas Hospital Ass'n v. Gaffney, 1947, 64 Nev. 225, 180 P.2d 594, 600. Appellant concedes, "the burden of proving this case always remains with plaintiff as, even with the aid of the doctrine, the plaintiff continues under the

duty of convincing the fact finder that the injury resulted from negligence and the defendant was guilty of the negligence." Union Pacific R. Co. v. De Vaney, 9 Cir. 1947, 162 F.2d 24, 26. Appellant's further argument that, notwithstanding such concession, a burden still remains with Standard and Odermatt to show they were not responsible is simply a contradiction in terms.

Argument as to the continued duty of Odermatt and Standard to shoulder the burden to affirmatively show they were not negligent, even though the inference from the rule of *res ipsa loquitur* may be overcome, is said by appellant to find support in one of the more recent California cases. Dierman v. Providence Hospital, 1947, 31 Cal.2d 290, 188 P.2d 12, 15. See also Williams v. Field Transportation Co., Cal.App. 1946, 166 P.2d 884, 887. California seems to be more liberal in applying the rule of *res ipsa loquitur* than other states. Cf. Seavey, Res Ipsa Loquitur: Tabula in Naufragio, 1950, 63 Harv. L. Rev. 643. It does not appear that Nevada courts have extended the general rule beyond that stated in Union Pacific R. Co. v. De Vaney, supra, which, under the circumstances, we are required to follow. See Prosser, The Procedural Effect of Res Ipsa Loquitur, 1936, 20 Minn.L.Rev. 241. The explanation given the jury properly announced applicable principles of law.

The admission of certain testimony of an expert witness given in answer to a so-called hypothetical question is assigned as error. To support their theory that the fire had been caused by some factor other than a defective condition in or about the truck, appellees qualified as an expert witness on the subject of fire prevention and hazards one Jacob A. Ryan, an employee of Standard Oil Company for thirty years. Ryan testified generally concerning theories of combustion and expressed the opinion that it would be impossible to ignite gasoline or gasoline vapor without the addition of "some outside agency," that is, "heat in some form." On redirect examination the following took place:

"Q. As a matter of opinion, Mr. Ryan, could any fire have emanated in or about the truck without some outside agency, light or fire?

"Mr. Parry: Objected to as not stating facts upon which it is based. It must be a hypothetical question and it does not state any facts at all.

"The Court: Objection will be overruled.

"A. I can see no such possibility."

■ Appellant argues that the purpose of the question was to eliminate conditions in and about the truck as a possible source of the fire and, hence, should have had incorporated therein all relevant facts in the case. We do not think the question was intended to be hypothetical in the usual sense of the term. Previously the following testimony had been given:

"Q. In other words, as I understand it, in order to ignite gasoline or gasoline, vapors it would be necessary that an outside agency of fire come in contact with the vapor or the gasoline? A. Well, heat in some form; we will say a flame or a spark or a hot surface.

"Q. A hot surface? A. That's right.

"Q. But outside of those three outside agencies, gasoline or the vapors would not ignite? A. That is correct."

It will be noted that the words "outside agency" were used and given a definite meaning, towit, that gasoline vapor could not burn without the addition of heat in some form. In the above quoted evidence that fact was stated to apply generally. The question objected to had for its purpose a narrowing of the evidence to an area in and about the truck and amounted to no more than asking the witness whether the gasoline vapor in and about the truck could have been ignited without the addition of heat in some form. The question was repetitious but not hypothetical.

Appellant's contention that the evidence disclosed as a matter of law that the negligence of Odermatt's employee in the delivery of the gasoline caused the fire must be resolved against him in view of what we have said in dealing with other assignments of error made in this case.

Judgment affirmed.